THOMAS ROGERS, plaintiff in error, *v.* RICHARD D. BLANCHARD, defendant in error.

### *Error to Adams.*

An action of trespass was instituted before a justice of the peace, against a constable, to recover damages for "illegally taking, seizing, and detaining property, to wit: one yoke of oxen." The summons concluded, "to his damages not exceeding one hundred dollars." At the trial before the justice, a jury rendered a verdict for the plaintiff for $12. On an appeal to the Circuit Court, a jury there rendered a verdict for the plaintiff for $2·50. A motion in arrest of judgment was sustained, and the suit dismissed for want of jurisdiction in the justice: *Held*, that the question of jurisdiction, under the Act of March 2, 1839, was to be determined by the evidence, and two juries, on the evidence, having fixed the amount of damages at much less than the maximum of justices' jurisdiction in actions of trespass, their verdicts were conclusive of the question, and the Court erred in arresting the judgment.

TRESPASS, originally commenced before a justice of the peace of Adams county, by the plaintiff in error against the defendant in error. At the trial before the justice, a jury rendered a verdict for the plaintiff for $12. The defendant appealed to the Circuit Court, and on the trial in that Court, at the September term, 1845, the Hon. Norman H. Purple presiding, the jury rendered a verdict for the plaintiff for $2·50. The defendant made a motion for a new trial, and in arrest of judgment. The motion for a new trial was denied, but the Court sustained the motion in arrest of judgment, and dismissed the suit.

The cause was brought into this Court by writ of error.

*A. Williams & A. Johnston,* for the plaintiff in error, filed the following argument in writing:

A judgment can only be arrested for some error apparent on the record. The principle is too well understood to require any reference to authority for its support. And no error does appear upon the record, nor is there any error in fact.

It may be urged as error, perhaps, that the summons issued by the justice of the peace, directed the officer to summon "Richard D. Blanchard, constable, &c.," to answer "a complaint for damage not exceeding one hundred dollars," &c.

There is no force in this objection. The question of jurisdiction depends not on the form of process, but on the subject matter of the suit, as established by the evidence. The process speaks of a demand not exceeding "one hundred dollars;" whether it does or does not exceed "twenty dollars," is a question to be solved on the trial. Upon one trial it was fixed by the jury at twelve dollars, and upon the other trial at two dollars and fifty cents. The evidence, as preserved in the bill of exceptions, shows indeed that the cattle were worth twenty five dollars; but it shows also, that the cattle were returned after a detention of eight days, and that the suit was brought, not for the value of the cattle, but for the trespass in taking and detaining them.

In Indiana, a plaintiff is required to file a statement of his demand, &c., before a justice of the peace. In *Perkins* v. *Smith,* 4 Blackf. 299, 303, it was objected that the statement filed did not show the value of the horse, which was the subject of the suit, and thus did not show it within the jurisdiction of the justice. But the Court say, "the objection cannot be sustained. That omission does not prove that he had no jurisdiction; it left that matter open to inquiry in the investigation of damages for the detention of the horse."

If, however, it were inferred that the demand was made for more than twenty dollars, and not exceeding one hundred, the suit might yet have been within the jurisdiction of the justice; for the statutes of 1842–3, page 141, §§ 3 & 4, do confer jurisdiction upon justices of the peace, in certain suits therein specified, against officers acting under execu-

Rogers v. Blanchard.

tions, for demands not exceeding one hundred dollars, *non constat*, but that such a suit was brought in this case, and whatever other defects there might be in the proceedings, there would certainly be no defect of jurisdiction, and no error upon the record.

And by the statutes of 1838–9, p. 291, § 4, it is provided as follows:

"Upon the trial of all appeal cases before the Circuit Court, no exception shall be taken to the form or service of the summons issued by the justice of the peace, or to any of the proceedings before him; but the Court shall try the cause upon its merits, and in all cases of appeals from a justice of the peace shall give judgment according to the rights of the parties, unless it shall appear from the evidence that the justice had no jurisdiction of the subject matter of the suit, in which case the suit shall be dismissed at the cost of the plaintiff."

This statute, it is conceived, is conclusive upon the question, independent of all other considerations. The cause was tried upon its merits in the Circuit Court; the verdict of a jury, upon the evidence, fixed the demand of the plaintiff at a sum very far below the maximum of the justice's most limited jurisdiction in an action of trespass. There is no pretence that the evidence tended to divest the justice of jurisdiction; and the sole objection taken is that prohibited in the first clause of the law above quoted, to wit: "an exception to the form of the summons issued by the justice."

The provisions of the statute above quoted are in substance to be found re-enacted in the Revised Statutes of 1845, page 324, section 66.

*C. Gilman,* for the defendant in error, filed the following argument in writing:

A single question is presented for the consideration of the Court. Had the justice of the peace who issued the original summons in this case jurisdiction thereof?

A justice's Court is one of limited jurisdiction; the statute is the charter of its authority. *Robinson* v. *Harlan,* 1 Scam.

238.   In the action of trespass, by the Act of Feb. 12, 1827, the jurisdiction of justices of the peace is limited to cases, "when the damages claimed, &c., do not exceed twenty dollars." In the case of *Ellis* v. *Snyder*, Bre. 263, the Court say, in substance, that the plaintiff's own "claim" must govern as to jurisdiction.   In the present case, the only means of ascertaining the extent of the plaintiff's claim, is from the summons, wherein the defendant is required to answer "in an action of trespass, by illegally taking, seizing and detaining property, to wit: one yoke of oxen, to his damage not exceeding one hundred dollars."   The plaintiff does not limit his claim to the statutory limit, but goes farther and claims a sum in damages "not exceeding one hundred dollars," and it was, therefore, beyond the jurisdiction of the Court.   All this appears upon the face of the record, and the Court did not err in arresting the judgment and dismissing the suit.

It further appears of record, that it was proved that the cattle were worth twenty five dollars, but the counsel for plaintiff in error says that they were returned, and that the suit was brought "for the trespass in taking and detaining them."   Be this as it may, the rule of law is not affected thereby; the defendant did not set up the return in mitigation of damages, and if he had offered so to do, he would not have been permitted to avail himself of the defence.   *Robinson* v. *Mansfield*, 13 Pick. 144.  The evidence, then, clearly showed the case beyond the jurisdiction of the justice, independent of the claim set up by him.

But the evidence is not to determine the jurisdiction, as contended for by the plaintiff in error.   The case of *Perkins* v. *Smith*, 4 Blackf. 299, is not in point, as quoted by counsel for the plaintiff.   In the case, the plaintiff omitted to state the value, as required by the Statute of Indiana, and the Court remarked that the omission did not prove that the justice "had no jurisdiction."   The Court, however, further observed, that omissions like these, which prove nothing with regard to the jurisdiction of the justice, are very different from a statement in a cause of action which shows that he

had no jurisdiction.  In such a case, doubtless, his proceedings would be *coram non judice* and void.  Such a state of case is parallel with the case at bar, and the Court say that such a suit should be dismissed the moment the objection presents itself to the justice, or to the Circuit Court.

The statute of 1838–9, p. 291, § 4, is cited by counsel for plaintiff.  That statute has especial reference to exceptions taken in the Circuit Court to matters of form.  But the counsel for defendant submits to the Court, whether an objection to the jurisdiction is a matter of form.  The whole argument of the plaintiff erroneously supposes the exception to be solely a matter of form.  Admitting, however for the sake of the argument, that the statute is applicable, then it is in favor of the defendant, for it did "appear from the evidence that the justice had no jurisdiction of the subject matter of the suit," because the property, as it appeared, was worth twenty five dollars.

The counsel for plaintiff contends, further, that the justice was authorized to entertain jurisdiction of the cause by virtue of the third and fourth sections of the statute of 1842–3, pages 141–2.  The jurisdiction there conferred is, for the recovery of the statute penalty of three times the value, &c.  This statute is not applicable to the present case. The suit is not brought for a statute penalty, but for a mere trespass.  This Court decided, at the last term, in the case of *Pace* v. *Vaughan,* 1 Gilman, 30, that a statute penalty could not be recovered *unless declared for.*  The claim does not appear to have been made under that statute, and as Justices' Courts are Courts of inferior and limited jurisdiction, nothing will be intended in favor of their jurisdiction.

The Revised Statutes do not apply in this case, as the suit was commenced before their passage.  If they did, the sixty seventh section would be a complete answer to the section cited.

In conclusion, it is contended that the justice had not jurisdiction of the cause, because he *assumed* to exercise jurisdiction beyond the statutory limit, and it is immaterial what the amount of the verdict was.  The Court, therefore, did not err in dismissing the suit.

Rogers v. Blanchard.

The Opinion of the Court was delivered by

TREAT, J. Rogers sued Blanchard before a justice of the peace. The cause of action, as stated in the summons, was "to answer the complaint of Thomas Rogers, in an action of trespass, by illegally taking, bringing, and detaining property to wit, one yoke of oxen, to his damage not exceeding one hundred dollars."

On a trial before a jury, Rogers obtained a judgment for $12. Blanchard appealed to the Circuit Court, where the cause was tried by a jury. The testimony showed that Blanchard took from the possession of Rogers, a yoke of oxen worth $25, and detained them for eight days, when he returned them to the possession of Rogers. Rogers was thereby prevented from cultivating some five or six acres of corn, which would have yielded thirty bushels to the acre, with twenty cents to the bushel. The cattle were returned prior to the commencement of the suit. On this evidence, the jury found a verdict in favor of Rogers, for $2·50. Blanchard moved for a new trial and in arrest of judgment. The Court denied the motion for a new trial, but sustained the motion in arrest of judgment, and dismissed the suit. This last decision is now assigned for error.

The only point in the case is one of jurisdiction. At the time the suit was instituted, the jurisdiction of justices of the peace in actions of trespass to personal property, was limited to cases where the damages claimed did not exceed twenty dollars. R. L. 401. There is nothing in the papers of the case, except the summons, from which to ascertain the precise amount of damages claimed by Rogers. The claim in the summons is not definite, but general, embracing any sum less than one hundred dollars. The summons ought properly to have stated the amount of damages as not exceeding twenty, instead of one hundred dollars. But is the statement in the summons to be the only criterion by which to determine the matter of jurisdiction? By the old law, this statement might govern as to jurisdiction. But under the recent statute it is conceived that this test is not conclusive on the question of jurisdiction. By the law of March 2, 1839, it is provided, that "upon the trial of all appeal cases

Rogers *v.* Blanchard.

before the Circuit Court, no exception shall be taken to the form or service of the summons issued by the justice of the peace, or to any proceedings before him; but the Court shall try the cause upon its merits, and in all cases of appeals from a justice of the peace, shall give judgment according to the rights of the parties, unless it shall appear from the evidence that the justice had no jurisdiction of the subject matter of the suit, in which case the suit shall be dismissed at the cost of the plaintiff." Laws of 1838–9, page 291. Under this provision, the question of jurisdiction is not to be determined from the process, but from the facts appearing in evidence. The jurisdiction depends, not on the form of the summons, but on the subject matter of the suit, as established by the testimony. If the proceedings before the justice leave the question of jurisdiction doubtful, it is, nevertheless, the duty of the Court to hear the evidence, and if it shows that the justice had jurisdiction the suit is to be retained and decided on the merits. Here, the justice had jurisdiction of the kind of action brought, and of the particular cause of action, unless the amount in controversy exceed twenty dollars. That was a matter to be solved on the trial. The property in question was worth $25, and if the plaintiff was entitled to recover to that extent the jurisdiction was avoided. The property, however, was restored to the plaintiff's possession before the suit was brought, and the criterion of its recovery was not its value, but the injury the plaintiff had sustained in consequence of the taking and detention. This might well be less than twenty dollars. Two juries, on the evidence, have fixed the amount at much less than the maximum of justices' jurisdiction in actions of trespass. These verdicts are conclusive of the question. The Circuit Court erred in arresting the judgment.

The judgment is reversed, and judgment will be rendered here in favor of the plaintiff for $2·50, and the costs of the case.

*Judgment reversed.*